```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF OKLAHOMA

MARCUS COLE,                    )
                                )
           Plaintiff,           )
                                )
v.                              )     Case No. CIV-12-483-JHP-KEW
                                )
CAROLYN W. COLVIN, Acting       )
Commissioner of Social          )
Security Administration,        )
                                )
           Defendant.           )
```

## REPORT AND RECOMMENDATION

Plaintiff Marcus Cole (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on December 18, 1962 and was 48 years old at the time of the ALJ's decision. Claimant completed his high school education and received some training as an aircraft mechanic. Claimant has worked in the past as a production worker and audio-visual equipment technician. Claimant alleges an inability to work beginning June 1, 2008 due to limitations resulting from strokes.

3

**Procedural History**

On January 21, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On March 8, 2011, an administrative hearing was held before Administrative Law Judge ("ALJ") Jennie L. McLean in Oklahoma City, Oklahoma. On May 24, 2011, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on October 4, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step four of the sequential evaluation. She determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform his past relevant work as an audio visual equipment technician.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in reaching an RFC which is incongruent with her step four findings.

**RFC Assessment**

In her decision, the ALJ determined Claimant suffered from the severe impairment of hypertension. (Tr. 22). She also found Claimant retained the RFC to perform light work noting he could frequently push, pull, lift, and carry 10 pounds and occasionally push, pull, lift, and carry 10 pounds but that he could not balance or climb ladders, ropes, or scaffolds. (Tr. 24-25). After consultation with a vocational expert, the ALJ determined Claimant could perform his past work as an audio visual equipment technician, which he classified as light, skilled work. (Tr. 26).

Claimant contends that the ALJ erred in reaching an RFC which warrants a limitation to sedentary work while concluding he could return to his prior work which is classified by the vocational expert as requiring light exertion. Clearly, the ALJ's RFC reflects a limitation to sedentary work, limiting Claimant to frequent an occasional lifting/carrying of 10 pounds. Defendant contends this represents a typographical error. However, a review of the opinion does not reveal the ALJ's intentions on this crucial point - her ultimate finding on Claimant's ability to work is inconsistent with her RFC finding. This Court cannot presume that the findings are attributable to a typographical error based upon the face of the opinion. As a result, the decision must be

remanded for clarification.

Claimant also contends he could not perform his past relevant work with an SVP of 6 given his record of "multiple strokes," his inability to complete the paperwork for his SSA claim, his inability to remember his age or address at the hearing, inability to drive or take care of his own needs. Claimant does not cite any of the objective medical record to support this level of limitation he now urges. The Psychiatric Review Technique completed by Dr. Tom Shadid on April 9, 2009 found "no medically determinable impairment." (Tr. 297-308). Dr. Shadid found Claimant's MRI was "within normal limits." Claimant had a history of drinking several shots of Crown Royal a night, was overweight, and had uncontrolled hypertension. He received no mental health treatment and appeared to be exaggerating the effect of his condition upon his activities of daily living. (Tr. 309). Nothing in the objective record supports further limitations as urged by Claimant.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED**

for further proceedings consistent with this Order.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

    DATED this 12th day of February, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE